United States District Court
Southern District of Texas
RECEIVED / Filed
MAY 2 4 2002
Michael N. Milby, Clerk

| | |
|---|---|
| HUGO HERNANDEZ | § IN THE UNITED STATES |
| VS | § DISTRICT COURT FOR |
| THE STATE OF TEXAS | § THE SOUTHERN DISTRICT |
| | § OF TEXAS |

MISC B-02-5

HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT:

Now Come's HUGO HERNANDEZ PETITIONER Filed THIS HABEAS CORPUS PURSUANT TO TEXAS CONSTITUTION ART I Sec 12 IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS AN THROUGH HIMSELF will SHOW AS:

1

PETITIONER AND COURT APPOINTED COUNSEL Had PREPAR FOR DEFENSE when PETITIONER Advise COUNSEL THAT INDICTMENT WAS ERR ON A ENHANCEMENT COUNT BEFORE JURY SELACTION COUNSEL ADVISE PROSECUTER AND THE TRIAL WAS POST PON SO AS PROSECUTER CORRET SUCH ERR, which PROSECUTION Could NOT REASONABLY HAVE BEEN AWARE CREITED FACT SITUATION which DID NOT EXIST AT TIME IF PROSECUTION Adds News CHARGES ARISING FROM CRIMINAL CONDUCT ACTUAL VINDICTIVENESS IN BRINGING OF Added CHARGES PRIMA FACIE UNITED STATES V ANDREWS (1979) CA6 Mich 612 F2d 449 CERT DEN 450 US 927 67 2 Ed 2d 358 101 SCT 1382

## II

PROSECUTION FAILURE TO DISCLOSE STATE'S CRUCIAL ERR CORRECTED OR AMENDED STATEMENT AFFER SEVERAL REQUESTS BY DEFENSE IS DENIAL OF FUNDAMENTAL FAIRESS BY REQUIRED DUE PROCESS CLAUSE OF FOURTEENTH AMENDMENT. SINCE ERR CREDIBILITY WAS MUST BASIC ISSUE IN CASE AND HAD LEARNED OF PROSECUTION EFFORT TO REHABILITATE CREDIBILITY WHEN CONFRONTED WITH NUMEROUS SIGNIFICANT INCONSISTENCIES BETWEEN COUNSEL AND PROSECUTION ADDED OF OTHER MATTER CREATE REASONABLE DOUBT AS TO DEFENDANT'S GUILTAND.

## III

PROSECUTION DID NOT SUPPRESS EVIDENCE SO AST TO VIOLATE PETITIONER RIGHT OF DUE PROCESS BY REFUSING TO PRODUCE RECORDS SOUGHT BY PETITIONER, WHERE PETITIONER COULD HAVE OBTAINED SUCH RECORD BY MEANS OF SUBPOENA DUCES TECUM AND WHERE SUCH RECORDS WERE SUBJECT TO DISCLOSURE UNDER STATE LAW. STATE V SPADA (1979) 286 OR 305 594 F2d 815

PETITIONER - PRO SE
HUGO HERNANDEL #030737
DET. CTR., 7-X-3 1145 E HARRISON

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

THE GRAND JURORS, for the County of Cameron and State aforesaid, duly organized as such at the **JANUARY** Term, **2002** of the **197TH** Judicial District in and for said County, upon their oaths in said Court, present that **HUGO HERNANDEZ**, hereinafter called the Defendant, on or about the **29TH** day of **OCTOBER, 2001**, and anterior to the presentment of this indictment, in the County of Cameron and State of Texas, did then and there, with intent to commit theft, enter a building or a portion of a building not then open to the public, without the effective consent of **NARI MAHBUBANI**, the owner thereof,

COPY

## COUNT II

AND THE GRAND JURORS AFORESAID, upon their Oaths in said Court, do further present that **HUGO HERNANDEZ**, hereinafter called the Defendant, on or about the **29TH** day of **OCTOBER, 2001**, and anterior to the presentment of this indictment, in the County of Cameron and State of Texas, did then and there unlawfully appropriate, by acquiring or otherwise exercising control over, property, **United States Currency and jewelry to-wit: 58 bracelets, 9 watches, 5 chains, 15 necklaces, 3 necklace sets, 17 bangles, 20 rings, 2 wedding band sets, one slide, 1 diamond cut link chain, 1 square link chain, 3 crosses, 37 charms, 2 medallions, 6 bangle sets, 14 anklets, 4 necklace and bracelet sets, and other jewelry, specific items and number unknown to the Grand Jury**, of the value of **$20,000.00** or more but less than **$100,000.00**, from **NARI MAHBUBANI**, the owner thereof, with intent to deprive the owner of the property,

## ENHANCEMENT COUNTS

96 x 2000

And it is further presented in and to said Court that, prior to the commission of the aforesaid offense (hereafter styled the primary offense), on the **5th day of May, 1999**, in cause number **97CR1500** in the **56th Judicial District Court** of **Galveston** County, Texas, the defendant was convicted of the state jail felony of **BURGLARY OF A BUILDING**.

And it is further presented in and to said Court that, prior to the commission of the primary

offense, on the **15th day of July, 1998**, in cause number **97CR1506** in the **56th Judicial District Court** of **Galveston** County, Texas, the defendant was convicted of the state jail felony of **BURGLARY OF A BUILDING**.

against the peace and dignity of the State.

_____Charles Hayward_____
Foreman of the Grand Jury

COPY

## IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

THE GRAND JURORS, for the County of Cameron and State aforesaid, duly organized as such at the JANUARY Term, 2002 of the 197TH Judicial District in and for said County, upon their oaths in said Court, present that HUGO HERNANDEZ, hereinafter called the Defendant, on or about the 1ST day of JANUARY, 2002, and anterior to the presentment of this indictment, in the County of Cameron and State of Texas, did then and there, with intent to commit theft, enter a building or a portion of a building not then open to the public, without the effective consent of FELIPE ARRELLANO, the owner thereof,

AND THE GRAND JURORS AFORESAID, upon their Oaths in said Court, do further present that the defendant on or about the above mentioned date and anterior to the presentment of this Indictment, in the County of Cameron and State of Texas, did then and there intentionally or knowingly enter a building or a portion of a building not then open to the public, without the effective consent of FELIPE ARRELLANO, the owner thereof, and attempted to commit or committed theft of property, to-wit: **6 leather jackets, 2 windbreaker jackets and 62 shirts**, owned by FELIPE ARRELLANO,

## COUNT II

AND THE GRAND JURORS AFORESAID, upon their Oaths in said Court, do further present that HUGO HERNANDEZ, hereinafter called the Defendant, on or about the 1ST day of JANUARY, 2002, and anterior to the presentment of this indictment, in the County of Cameron and State of Texas, did then and there, with intent to commit theft, enter a building or a portion of a building not then open to the public, without the effective consent of MARTIN HERNANDEZ, the owner thereof,

AND THE GRAND JURORS AFORESAID, upon their Oaths in said Court, do further present that the defendant on or about the above mentioned date and anterior to the presentment of this Indictment, in the County of Cameron and State of Texas, did then and there intentionally or knowingly enter a building or a portion of a building not then open to the public, without the effective consent of MARTIN HERNANDEZ, the owner thereof, and attempted to commit or committed theft of property, to-wit:

State of Texas, did then and there, with intent to commit theft, enter a building or a portion of a building not then open to the public, without the effective consent of **ELIHEVER MUNGUIA**, the owner thereof,

AND THE GRAND JURORS AFORESAID, upon their Oaths in said Court, do further present that the defendant on or about the above mentioned date and anterior to the presentment of this Indictment, in the County of Cameron and State of Texas, did then and there intentionally or knowingly enter a building or a portion of a building not then open to the public, without the effective consent of **ELIHEVER MUNGUIA**, the owner thereof, and attempted to commit or committed theft of property, to-wit: **United States Currency**, owned by **ELIHEVER MUNGUIA**,

COPY

## COUNT IV

AND THE GRAND JURORS AFORESAID, upon their Oaths in said Court, do further present that **HUGO HERNANDEZ**, hereinafter called the Defendant, on or about the **23RD** day of **NOVEMBER, 2001**, and anterior to the presentment of this indictment, in the County of Cameron and State of Texas, did then and there, with intent to commit theft, enter a building or a portion of a building not then open to the public, without the effective consent of **ROSA CERVANTES**, the owner thereof,

AND THE GRAND JURORS AFORESAID, upon their Oaths in said Court, do further present that the defendant on or about the above mentioned date and anterior to the presentment of this Indictment, in the County of Cameron and State of Texas, did then and there intentionally or knowingly enter a building or a portion of a building not then open to the public, without the effective consent of **ROSA CERVANTES**, the owner thereof, and attempted to commit or committed theft of property, to-wit: **United States Currency**, owned by **ROSA CERVANTES**,

## COUNT V

AND THE GRAND JURORS AFORESAID, upon their Oaths in said Court, do further present that **HUGO HERNANDEZ**, hereinafter called the Defendant, on or about the **26TH** day of **DECEMBER, 2001**, and anterior to the presentment of this indictment, in the County of Cameron and State of Texas, did then and there, with intent to commit theft, enter a building or a portion of a building not then open to the public, without the effective consent of **MARIA FLORES**, the owner thereof,

a handgun and jewelry, owned by **MARIA FLORES**,

## COUNT VI

AND THE GRAND JURORS AFORESAID, upon their Oaths in said Court, do further present that **HUGO HERNANDEZ**, hereinafter called the Defendant, on or about the **26TH** day of **DECEMBER, 2001**, and anterior to the presentment of this indictment, in the County of Cameron and State of Texas, did then and there, with intent to commit theft, enter a building or a portion of a building not then open to the public, without the effective consent of **MARY GARCIA**, the owner thereof,

AND THE GRAND JURORS AFORESAID, upon their Oaths in said Court, do further present that the defendant on or about the above mentioned date and anterior to the presentment of this Indictment, in the County of Cameron and State of Texas, did then and there intentionally or knowingly enter a building or a portion of a building not then open to the public, without the effective consent of **MARY GARCIA**, the owner thereof, and attempted to commit or committed theft of property, to-wit: **jewelry**, owned by **MARY GARCIA**,

## ENHANCEMENT COUNTS

And it is further presented in and to said Court that, prior to the commission of the aforesaid offense (hereafter styled the primary offense), on the **5th day of May, 1999**, in cause number **97CR1500** in the **56th Judicial District Court** of **Galveston** County, Texas, the defendant was convicted of the state jail felony of **BURGLARY OF A BUILDING**.

And it is further presented in and to said Court that, prior to the commission of the primary offense, on the **15th day of July, 1998**, in cause number **97CR1504** in the **56th Judicial District Court** of **Galveston** County, Texas, the defendant was convicted of the state jail felony of **BURGLARY OF A BUILDING**.

And it is further presented in and to said Court that, prior to the commission of the primary offense, on the **15th day of July, 1998**, in cause number **97CR1506** in the **56th Judicial District Court** of **Galveston** County, Texas, the defendant was convicted of the state jail felony

against the peace and dignity of the State.



*Charles Layrock*
Foreman of the Grand Jury

RIGHT UNDER FEDERAL CONSTITUTION OF INDIGENT DEFENDANT IN CRIMINAL CASE TO aid OF STATE AS REGARDS APPEAL OR POSTCONVICTION REMEDY. 6 L Ed 2d 1295, 21 L Ed 2d 879

("APPEAL")

FAILURE OF TRIAL JUDGE TO ADVISE INDIGENT DEFENDANT OF his RIGHT TO APPEAL AND, AS CONSTITUTIONAL COROLLARY HIS RIGHT TO COURT-APPOINTED COUNSEL ON APPEAL VIOLATED DEFENDANT'S RIGHT TO EQUAL PROTECTION UNDER FOURTEENTH AMENDMENT and HIS SIXTH AMENDMENT RIGHT TO COUNSEL INCORPORATED THROUGH DUE PROCESS CLAUSE OF FOURTEENTH AMENDMENT, UNITED STATES ex REL. SINGLETON V WOOD (1971 CA7 III) 440 F2d 835

Amend 14, 4.30

IT IS AS MUCH DENIAL OF DUE PROCESS TO SEND ACCUSED TO PRISON FOLLOWING CONVICTION FOR CHARGE THAT WAS NEVER MADE AS IT IS TO CONVICT him UPON CHARGE FOR WHICH THERE IS NO EVIDENCE TO SUPPORT THAT CONVICTION GREGORY V CHICAGO (1969) 394 US 111, 22 LEd 134, 89 S Ct 946.

Amend 14, N 417

DELIBERATE CONCEALMENT by POLICE FROM DEFENDANT AND his ATTORNEY OF FACTS RELATING TO UNFAIR