United States District Court
Southern District of Texas
ENTERED
AUG 2 2 2002
Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HUGO HERNANDEZ,<br>Petitioner, | § § § | |
| v. | § § | MISC. NO. B-02-005 |
| STATE OF TEXAS,<br>Respondent. | § § § | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

#### BACKGROUND

Petitioner Hernandez was charged by indictment with seven counts of burglary of a building, theft, and a habitual count, which arose from three prior convictions for burglary of a building. One of the burglaries took place on October 29, 2001; one on November 19, 2001; one on November 23, 2001; two on December 26, 2001; and two on January 1, 2002. The State of Texas dismissed two indictments against Petitioner on June 27, 2002.[1] Currently, Petitioner has two other pending indictments in state court.[2]

For reasons unclear from the record, Petitioner filed a grievance against his attorney, Nathaniel C. Perez, with the State Bar of Texas. Chief Disciplinary Counsel's Office of the State Bar of Texas dismissed the complaint and Petitioner appealed. On May 30, 2002, after receiving further correspondence from Petitioner, the State Bar of Texas advised Petitioner that the matter is still under review with the Board of Disciplinary Appeals.

---

[1] The indictments against Petitioner that the State dismissed are 02CR201A and 02CR202A.
[2] Petitioner's pending indictments are as follows: 02CR551 for habitual theft and 02CR552 for habitual burglary of a building.

## ALLEGATIONS

Petitioner Hernandez now brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 and raises the following allegations:

1) That the evidence was legally insufficient to prove that he committed burglary and theft;

2) That Hernandez suffered a violation of his civil rights in undergoing a police interrogation after refusing consent to the interrogation without counsel present;

3) That Hernandez suffered a violation of his constitutional right to receive a <u>Miranda</u> warning prior to police interrogation;

4) That the state court trial judge failed to advise Hernandez of his right to appeal and corresponding right to court-appointed counsel;

5) That counsel for Hernandez failed to perform promise that appeal would be taken;

6) That Hernandez suffered a violation of his constitutional right to a speedy trial through detainment since January 4, 2002 in the Cameron County jail without commencement of trial; and

7) That Hernandez received ineffective assistance of counsel in state court.

## FINDINGS

A petitioner must fully exhaust state remedies before seeking federal habeas relief.[3] This entails submitting the factual and legal basis of any claim to the highest

---

[3] 28 U.S.C. § 2254(b).

available state court for review.[4] A Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus.[5] To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court.[6]

A federal district court may notice <u>sua sponte</u> the lack of exhaustion.[7] It is well-settled, furthermore, that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief.[8] As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court.[9] A federal habeas petition that contains unexhausted claims must be dismissed in its entirety.[10] In this case, petitioner has two pending indictments in state court. One is for habitual theft and the other is for habitual burglary of a building.

The exhaustion requirement codified in 28 U.S.C. § 2254 "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights."[11] The requirement, however, is not absolute.[12] Exhaustion is not required, "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly

---

[4] Richardson v. Procunier, 762 F.2d 429, 432 (5th Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982)
[5] See Bautista v. McCotter, 793 F.2d 109, 110 (5th Cir. 1986); Richardson, 762 F.2d at 432.
[6] Deters v. Collins, 985 F.2d 789, 795 (5th Cir. 1993).
[7] Shute v. State, 117 F.3d 233, 237 (5th Cir. 1997).
[8] See Rose v. Lundy, 455 U.S. 509, 510 (1982).
[9] Picard v. Connor, 404 U.S. 270, 275 (1971).
[10] Thomas v. Collins, 919 F.2d 333, 334 (5th Cir. 1990); Bautista, 793 F.2d at 110.
[11] Duckworth v. Serrano, 454 U.S. 1, 3 (1981).
[12] See 28 U.S.C. § 2254(b) (setting forth two scenarios that excuse a failure to exhaust and explicitly providing that the federal courts may deny a petition for writ of habeas corpus on the merits despite a failure to exhaust).

deficient as to render futile any effort to obtain relief."[13] "[E]xhaustion is not necessary where resort to state remedies would be futile, because the necessary delay before entrance to a federal forum which would be required is not justified where the state court's attitude towards a petitioner's claims is a foregone conclusion."[14] "[E]xceptions to the exhaustion requirement apply only in 'extraordinary circumstances'" and petitioner has the burden to demonstrate the futility of pursuing available remedies.[15] Petitioner has made no such demonstration in this case.

Asserting a claim for the first time in a petition for discretionary review does not suffice to exhaust state remedies for that claim. To exhaust one's state remedies, one must present his claims in a procedurally proper manner.[16] To the extent Petitioner raised claims in his petition for discretionary review that were not raised to the court of appeals following adjudication in the state district court, such claims were not presented to the Texas Court of Criminal Appeals in a procedurally proper manner. One does not satisfy the exhaustion requirement, through direct appeal, by raising a claim "in the Texas Court of Criminal Appeals without first obtaining review by an intermediate appellate court."[17] The "exhaustion doctrine ... requires that the chosen avenue of post-conviction relief, whether direct or collateral, be pursued in such a manner so as not to present claims to a state's appellate courts for the first and only time in a petition for discretionary review."[18]

In short, neither the Texas Court of Criminal Appeals nor the appellate court has had an opportunity to review the claims raised in the instant federal petition.

---

[13] Duckworth, 454 U.S. at 3.
[14] Dilworth v. Johnson, 215 F.3d 497, 501 n. 3 (5th Cir. 2000) (quoting Carter v. Estelle, 677 F.2d 427, 446 (5th Cir. 1982)).
[15] Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (quoting DCP Farms v. Yeutter, 957 F.2d 1183, 1189 (5th Cir. 1992)).
[16] Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982).
[17] Myers v. Collins, 919 F.2d 1074, 1077 (5th Cir. 1990).
[18] Id.

Accordingly, a ruling from the federal court at this juncture would preempt the state court from performing its proper function.[19] Petitioner is, therefore, not entitled to habeas corpus relief for failure to exhaust his state remedies. Until Petitioner makes a post-conviction appeal to the court of appeals and subsequently makes a writ to the Texas Court of Criminal Appeals, he has not exhausted his state remedies.

As shown by his initial filing in this Court, petitioner is clearly concerned about the speed with which the state court adjudicates his case. Such concern, however, does not change the fact that he has not yet fully exhausted his state remedies. It also does not change the fact that the Court cannot grant habeas relief on the instant federal petition in the absence of exhaustion.[20]

## RECOMMENDATION

For the above referenced reasons, the undersigned Magistrate Judge hereby recommends that the instant habeas corpus petition be DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

---

[19] See Rose v. Lundy, 455 U.S. 509, 518 (1982) (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings").

[20] See 28 U.S.C. § 2254(b).

notice that such consequences will result from a failure to object.[21]

DONE at Brownsville, Texas this 22d day of August, 2002.

Felix Recio
United States Magistrate Judge

---

[21] <u>Douglass v. United States Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HUGO HERNANDEZ, Petitioner, | § § § | |
| v. | § § | MISC. NO. B-02-005 |
| STATE OF TEXAS, Respondent. | § § § | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the file, Petitioner's Pre-Conviction Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is hereby DISMISSED WITHOUT PREJUDICE.

DONE in Brownsville, Texas on this _____ day of _____, 2002.

_____
Hilda G. Tagle
United States District Judge