15

MISC. NO. B-02-005

HUGO HERNANDEZ

V

STATE OF TEXAS

§ UNITED STATE DISTRICT COURT
§ SOUTHERN DISTRICT OF TEXAS
§ BROWNSVILLE DIVISION
§

United States District Court
Southern District of Texas
FILED

APR 1 8 2003

Michael N. Milby
Clerk of Court

APPLICANT FOR APPEALS OUT OF TIME PETITION
FOR DISCRECTIONARY REVIEW IN VIOLATION
OF CONSTITUTIONAL RIGHT

TO THE HONORABLE JUDGE OF SAID COURT:

Now COMES HUGO HERNANDEZ APPLICANT HEREIN PRO-SE
IN THE ABOVE STYLED CAUSE AND PRESENTS THIS
APPLICATION FOR APPEAL OUT OF TIME PETITION FOR
DISCRECTIONARY REVIEW IN VIOLATION OF
CONSTITUTIONAL RIGHT UNDER TX CODE CRIM. PROC.
ANN & ART 11.07 ART 26.04 (A) ART 44.45 (A) ART 42.045
TX RULE APP PROC RULE 86(A) RULE 91; RULE 200; UNITED
STATE FEDERAL CONSTITUTION ARTICLE 1, SECTION 10, APPLICAN
WOULD RESPECTFULLY SHOW THE HONDRABLE COURT THE
FOLLOWING

1

APPLICAN WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL
IN VIOLATION OF HIS RIGHT UNDER THE SIXTH AND
FOURTEENTH AMENDMENT FEDERAL CONSTITUTION RIGHT IN THAT
THE COURT FAILED TO ADVISE OF THIS APPEAL AND
CORRESPONDING RIGHT TO COURT-APPOINTED COUNSEL
AND THE MANDATE ISSUED IN RELATIONS TO WRIT OF
HABEAS CAUSE NUMBER B-02-005

## II

APPLICANT WAS DEPRIVED OF HIS RIGHTS, THE OPPORTUNITY TO PREPARE AND FILE APPEAL, THE COURT DID NOT ASSISTING OR PROVIDING COPY OF STATEMENT OF FACT AND TRIAL TRANSCRIPTS WHICH HAD DURING STATED TRANSACTION AND CORRESPONDANCE UNDER TEXAS CONSTITUTION ART 1 Sec 10; TO EFFECTIVE ASSISTANCE OF COUNSEL, AND BY FAILING TO NOTIFY APPLICAN OF WRIT OF HABEAS CAUSE NUMBER B-02-005

## PRAYER

APPLICANT PRAY THAT THESE HONORABLE COURT SPEAK UP FOR PEOPLE WHO CANNOT SPEAK FOR THEMESELVES PROTECT THE RIGHTS OF ALL WHO ARE HELPLESS SPEAK FOR THEM AND BE A RIGHTEOUS JUDGE. PROTECT THE RIGHTS OF THE POOR AND NEEDY DON'T BE SURPRISE WHEN YOU SEE THAT THE GOVERNMENT OPPRESSES THE POOR AND DENIES THEM JUSTICE AND THEIR RIGHTS EVERY OFFICIAL IS PROTECTED BY SOMEONE HIGHER AND BOTH ARE PROTECTED BY STILL HIGHER OFFICIALS.

WHEREFORE, PREMISES CONSIDERED APPLICANT RESPECTFULLY MOVES AND PRAYS FOR THIS HONORABLE UNITED STATE DISTRICT COURT TO GRANT APPLICANT FOR APPEAL OUT OF TIME PETITION FOR DISCRECTIONARY REVIEW IN VIOLATION OF CONSTITUTIONAL RIGHTS AND/OR FUTHER RELIEF TO WHICH APPLICANT MAY BE ENTITLED IN ALL THINGS AND CAUSE A COPY OF THE SAME TO BE SERVED UPON ALL INTERESTED PARTIES HEREIN

RESPECTFULLY SUBMITTED.

_____

HUGO HERNANDEZ   APPLICANT

I HUGO HERNANDEZ, BEING PRESENTLY INCARCERATED IN THE
TEXAS DEPARTMENT OF CRIMINAL JUSTICE LOPEZ UNIT SJD
DECLARED UNDER PENALTY OF PERJURY THAT THE FOREGOING
IS TRUE AND CORRECT   4-12-03

_____

HUGO HERNANDEZ # 1148529

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT ON APRIL 12, 2003 A TRUE
AND CORRECT COPY OF THE ABOVE AND FOREGOING
DOCUMENT WAS SERVED ON THE UNITED STATE
COURT FOR THE SOUTHERN DISTRICT OF TEXAS, DISTRICT
ATTORNEY'S OFFICE 600 E HARRISON STREET BROWNSVILLE
TEXAS 78520 BY VIA!! MAIL DELIVERY.

_____

HUGO HERNANDEZ #1148529 APPLICANT
LOPEZ SJD KR-7
1203 EL CIBOLO Rd
EDINBURG TEXAS 78539

/3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
ENTERED

OCT 0 2 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| HUGO HERNANDEZ,<br>Petitioner,<br><br>v.<br><br>STATE OF TEXAS,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§ |

MISC. NO. B-02-005

## <u>ORDER</u>

Before the Court is the Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the file, Petitioner's Pre-Conviction Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is hereby DISMISSED WITHOUT PREJUDICE.

DONE in Brownsville, Texas on this _30_ day of _September_, 2002.

_____
Hilda G. Tagle
United States District Judge

*11*

United States District Court
Southern District of Texas
ENTERED

**AUG 2 2 2002**

Michael N. Milby, Clerk of Court
By Deputy Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HUGO HERNANDEZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | MISC. NO. B-02-005 |
| | § | |
| STATE OF TEXAS, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Petitioner Hernandez was charged by indictment with seven counts of burglary of a building, theft, and a habitual count, which arose from three prior convictions for burglary of a building. One of the burglaries took place on October 29, 2001; one on November 19, 2001; one on November 23, 2001; two on December 26, 2001; and two on January 1, 2002. The State of Texas dismissed two indictments against Petitioner on June 27, 2002.[1] Currently, Petitioner has two other pending indictments in state court.[2]

For reasons unclear from the record, Petitioner filed a grievance against his attorney, Nathaniel C. Perez, with the State Bar of Texas. Chief Disciplinary Counsel's Office of the State Bar of Texas dismissed the complaint and Petitioner appealed. On May 30, 2002, after receiving further correspondence from Petitioner, the State Bar of Texas advised Petitioner that the matter is still under review with the Board of Disciplinary Appeals.

---

[1] The indictments against Petitioner that the State dismissed are 02CR201A and 02CR202A.
[2] Petitioner's pending indictments are as follows: 02CR551 for habitual theft and 02CR552 for habitual burglary of a building.

## ALLEGATIONS

Petitioner Hernandez now brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 and raises the following allegations:

1) That the evidence was legally insufficient to prove that he committed burglary and theft;

2) That Hernandez suffered a violation of his civil rights in undergoing a police interrogation after refusing consent to the interrogation without counsel present;

3) That Hernandez suffered a violation of his constitutional right to receive a <u>Miranda</u> warning prior to police interrogation;

4) That the state court trial judge failed to advise Hernandez of his right to appeal and corresponding right to court-appointed counsel;

5) That counsel for Hernandez failed to perform promise that appeal would be taken;

6) That Hernandez suffered a violation of his constitutional right to a speedy trial through detainment since January 4, 2002 in the Cameron County jail without commencement of trial; and  OCTOBER-14-02   10 MONTH'S
STENTENCE DATA OCT-17-02

7) That Hernandez received ineffective assistance of counsel in state court.

## FINDINGS

A petitioner must fully exhaust state remedies before seeking federal habeas relief.[3]  This entails submitting the factual and legal basis of any claim to the highest

---

[3] 28 U.S.C. § 2254(b).

available state court for review.[4]  A Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus.[5]  To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court.[6]

A federal district court may notice <u>sua sponte</u> the lack of exhaustion.[7]  It is well-settled, furthermore, that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief.[8]  As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court.[9]  A federal habeas petition that contains unexhausted claims must be dismissed in its entirety.[10]  In this case, petitioner has two pending indictments in state court.  One is for habitual theft and the other is for habitual burglary of a building.

The exhaustion requirement codified in 28 U.S.C. § 2254 "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights."[11]  The requirement, however, is not absolute.[12]  Exhaustion is not required, "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly

---

[4] <u>Richardson v. Procunier</u>, 762 F.2d 429, 432 (5th Cir. 1985); <u>Carter v. Estelle</u>, 677 F.2d 427, 443 (5th Cir. 1982)
[5] <u>See Bautista v. McCotter</u>, 793 F.2d 109, 110 (5th Cir. 1986); <u>Richardson</u>, 762 F.2d at 432.
[6] <u>Deters v. Collins</u>, 985 F.2d 789, 795 (5th Cir. 1993).
[7] <u>Shute v. State</u>, 117 F.3d 233, 237 (5th Cir. 1997).
[8] <u>See Rose v. Lundy</u>, 455 U.S. 509, 510 (1982).
[9] <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971).
[10] <u>Thomas v. Collins</u>, 919 F.2d 333, 334 (5th Cir. 1990); <u>Bautista</u>, 793 F.2d at 110.
[11] <u>Duckworth v. Serrano</u>, 454 U.S. 1, 3 (1981).
[12] <u>See</u> 28 U.S.C. § 2254(b) (setting forth two scenarios that excuse a failure to exhaust and explicitly providing that the federal courts may deny a petition for writ of habeas corpus on the merits despite a failure to exhaust).

deficient as to render futile any effort to obtain relief."[13]  "[E]xhaustion is not necessary where resort to state remedies would be futile, because the necessary delay before entrance to a federal forum which would be required is not justified where the state court's attitude towards a petitioner's claims is a foregone conclusion."[14]  "[E]xceptions to the exhaustion requirement apply only in 'extraordinary circumstances'" and petitioner has the burden to demonstrate the futility of pursuing available remedies.[15]  Petitioner has made no such demonstration in this case.

Asserting a claim for the first time in a petition for discretionary review does not suffice to exhaust state remedies for that claim.  To exhaust one's state remedies, one must present his claims in a procedurally proper manner.[16]  To the extent Petitioner raised claims in his petition for discretionary review that were not raised to the court of appeals following adjudication in the state district court, such claims were not presented to the Texas Court of Criminal Appeals in a procedurally proper manner.  One does not satisfy the exhaustion requirement, through direct appeal, by raising a claim "in the Texas Court of Criminal Appeals without first obtaining review by an intermediate appellate court."[17]  The "exhaustion doctrine ... requires that the chosen avenue of post-conviction relief, whether direct or collateral, be pursued in such a manner so as not to present claims to a state's appellate courts for the first and only time in a petition for discretionary review."[18]

In short, neither the Texas Court of Criminal Appeals nor the appellate court has had an opportunity to review the claims raised in the instant federal petition.

---

[13] Duckworth, 454 U.S. at 3.
[14] Dilworth v. Johnson, 215 F.3d 497, 501 n. 3 (5th Cir. 2000) (quoting Carter v. Estelle, 677 F.2d 427, 446 (5th Cir. 1982)).
[15] Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (quoting DCP Farms v. Yeutter, 957 F.2d 1183, 1189 (5th Cir. 1992)).
[16] Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982).
[17] Myers v. Collins, 919 F.2d 1074, 1077 (5th Cir. 1990).
[18] Id.

Accordingly, a ruling from the federal court at this juncture would preempt the state court from performing its proper function.[19]  Petitioner is, therefore, not entitled to habeas corpus relief for failure to exhaust his state remedies.  Until Petitioner makes a post-conviction appeal to the court of appeals and subsequently makes a writ to the Texas Court of Criminal Appeals, he has not exhausted his state remedies.

As shown by his initial filing in this Court, petitioner is clearly concerned about the speed with which the state court adjudicates his case.  Such concern, however, does not change the fact that he has not yet fully exhausted his state remedies.  It also does not change the fact that the Court cannot grant habeas relief on the instant federal petition in the absence of exhaustion.[20]

## RECOMMENDATION

For the above referenced reasons, the undersigned Magistrate Judge hereby recommends that the instant habeas corpus petition be DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

---

[19] See Rose v. Lundy, 455 U.S. 509, 518 (1982) (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings").
[20] See 28 U.S.C. § 2254(b).

notice that such consequences will result from a failure to object.[21]

DONE at Brownsville, Texas this 22d day of August, 2002.


Felix Recio
United States Magistrate Judge

---

[21] Douglass v. United States Automobile Association, 79 F.3d 1415 (5th Cir. 1996).



# AURORA DE LA GARZA
## CAMERON COUNTY DISTRICT CLERK

CRIMINAL DEPARTMENT – APPEALS SECTION
974 EAST HARRISON STREET
BROWNSVILLE, TEXAS 78520

Thursday, December 05, 2002

Hon. Troy C. Bennett, Jr.
Clerk, Court of Criminal Appeals
P. O. Box 12308
Austin, Texas 78711

Certified Mail Number:
**7099 3220 0005 8794 8098**
Court of Criminal Appeals:
**13-02-620-CR**
Trial Cause Number:
**2002-CR-552-A**
The State of Texas VS
**HUGO HERNANDEZ**

Dear Mr. Bennett,

Enclosed please find the CLERK'S RECORD-WRIT I in the Post Conviction Writ of Habeas Corpus in the above entitled and numbered cause. If it meets with your approval, please file. By copy of this letter I am advising all counsel of this transmittal.

Thank you for your prompt attention to this matter.

Sincerely,

*Brenda M Garcia*

Brenda M. Garcia
Deputy Clerk

cc:
Hon. Yolanda de Leon
Hon. Arnoldo Pena
Mr. Hugo Hernandez
File

| CIVIL | CRIMINAL | CHILD SUPPORT | JURY | FAX |
|---|---|---|---|---|
| (956) 544-0838 | (956) 544-0839 | (956) 544-0840 | (956) 544-0842 | (956) 544-0841 |

HUGO HERNANDEZ

VS

STATE OF TEXAS

// IN THE UNITED
// STATES COURT FOR THE
// SOUTHERN DISTRICT OF
// TEXAS

## HABEAS CORPUS

To THE HONORABLE JUDGE OF SAID COURT
 COMES NOW, HUGO HERNANDEZ PETITIONER AND
FILED THROUGH HIMSELF HABEAS CORPUS IN
 THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, FOR A DEPRIVATION
 OF THE CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL
AND CODE OF CRIMINAL PROCEDURE ART 32A.02 (1, E)
 OF TEXAS, WOULD SHOW AS FOLLOWS:

### I

THE CHARGES AGAINTS ACCUSED WOULD BE DISMISSED
 WHERE HE WAS DEPRIVED OF HIS RIGHT TO A SPEEDY
TRIAL IN THAT THERE WAS A DELAY OF ALMOS 10,
 MONTHS BETWEEN THE FILING OF THE INFORMATION
AND THE TRIAL WHICH WAS ATTRIBUTABLE TO THE
 INABILITY OF THE STATE TO HAVE AVAILABLE IN
A TIMELY MANNER JUDICIAL AND PROSECUTORIAL
 MANPOWER, ACCUSED EARLY ASSERTED HIS RIGHT
AND CONTINUED TO DO SO UNTIL THE DATE THE
 CASE WERE TRIED, AND THERE IS NO EVIDENCE

THAT ACCUSED SOUGHT ANY DELAY BEYOND THE
SHORT AND REASONABLE TIME THAT WAS
NECESSARY FOR COUNSEL TO PREARE HIS CASE
HADLEY V STATES 66 WIS 2d 350, 223 NW 2d 461 78
ALR 3d 273. GUARANTEED BY FOURTEENTH AMENDMENT
IS DENIED ACCUSED WHERE HE IS DEPRIVED OF
THAT FUNDAMENTAL FAIRNESS WHICH IS ESSENTIAL
TO EVERY CONCEPT OF JUSTICE PAYNE V ARKANAS
(1958) 356 US 560, 2 LEd 975, 78 Sct 844

## II

THE UNITED STATES SUPREME COURT HAS HELD THAT
DISMISSAL OF THE CHARGES AGAINST THE ACCUSED
IS THE ONLY POSSIBLE REMEDY FOR A DEPRIVATION
OF THE CONSTITUTIONAL RIGHT TO A SPEED TRIAL
66. SUPRA. WHERE A PRETRIAL MOTION TO DIMISS
HAS BEEN DENIED IT IS PROPER TO APPLY FOR A
WRIT OF MANDAMUS PEOPLE V WILSON 60 CAL
2d 139. 32 CAL RPTR 44 383 P2d 452 HEMBREE
V HOWELL. 90 OKLA CRIM 371 214 P2d 458
THE BURDEN IS ORDINAIRLY ON THE ACCUSED WHO
ASSERT DENIAL OF THE CONSTITUTIONAL RIGHT TO
SPEEDY TRIAL TO SHOW THAT HIS CONSTITUTIONAL
RIGHT THERE TO HAS BEEN DENIED
STATE V BOUND, 43 OHIO APP 2d 44. 72
OHIO OPS 2d 197. 332 NE 2d 366
THE DELAY WAS ATTRIBUTABLE TO LACHES ON THE PART
OF THE STATE OR ITS OFFICERS

## III

THE CONSTITUTIONAL SPEEDY TRIAL PROTECTION APPLY
TO ANY PERIOD BEFORE A PETITIONER IS INDICTED
ARRESTED OR OTHERWISE OFFICIALLY ACCUSED
UNITED STATES V MACDONALD US. 66(1982)
IN THIS CASE PETITIONER WAS INDICTED AND WAS
BROUGHT IN FOR INITIAL APPEARANCE BEFORE THE
JUDGE, AND THE PETITIONER PLED NOT GUILTY, THE
PETITIONER WAS NOT GIVE UP HIS RIGHT TO SPEEDY
TRIAL, CLAIM BASED ON ANALYZING SIXTH AMENDMENT
SPEEDY TRIAL ACT. FACTORS ARE CONSIDERED
(1) THE LENGTH OF THE DELAY.
(2) THE REASON FOR THE DELAY
(3) THE PETITIONER ASSERTION OF HIS RIGHT AND
(4) PREJUDICE TO THE PETITIONER RESULTING FROM
THE DELAY. A DISTRICT COURT MUST APPLY A
BALACING TEST. THE BARKER BALANCING TEST
APPLIES BETWEEN THE ARREST AND TRIAL
UNITED STATES V GARCIA 995 F 2d 556 560
(5TH CIR 1993 CITING BARKER V WINGO 407 US
514 530-33. 92 SCT 2182 2192-93. 33 L.Ed 2d
101 (1972)

## IV

A COURT SHALL GRANT A MOTION TO SET ASIDE AN
INDICTMENT. IF THE STATE IS NOT READY FOR TRIAL
WITHIN 180 DAYS OF THE COMMENCEMENT OF A
CRIMINAL ACTION IF THE PETITIONER IS ACCUSED OF
A FELONY, WHERE STATE OBTAINED INDICTMENT UNDER

NEW CAUSE NUMBERS BECAUSE THE FIRST INDICTMENTS
 CONTAINED A DEFECTIVE ENHANCEMENT PARAGRAPH,
BUT STATE ANNOUNCED READY AND HAD ACTUALLY
 BEEN READY FOR TRIAL AND AFTER INDICTMENTS
WERE RETURNED STATE DID NOT NEGATE ITS FIRST
 ANNOUNCEMENT OF READY BY CAUSING THE GRAND
JURY TO RETURN INDICTMENT RODIGUEZ V. STATE
 689 S. W. 2d 227 (TEX CRIM APP 1985)

WHEREFOR, PREMISES CONSIDERED PETITIONER
 PRAYS THAT THIS COURT DO JUSTICE

RESPECTFULLY SUBMITTED
_Hugo Hernandez_
PETITIONER      PRO - SE

CERTIFICATE OF SERVICE
I CERTIFY THAT A TRUE COPY OF THE ABOVE WAS
 MAIL DELIVERED TO THE FOLLOWING ON THE 13 DAY
OF NOVEMBER 2002
 THE UNITED STATES COURT FOR THE SOUTHERN DISTRICT
OF TEXAS DISTRICT ATTORNEY'S OFFICE 600 E HARRISON
STREET BROWNSVILLE, TEXAS 78520
_Hugo Hernandez_
PETITIONER      PRO -SE
HUGO HERNANDEZ #030739
CARISALES CAMERON COUNTY JAIL E-141
7301 OLD ALICE Rd

6

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUL 1 8 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

HUGO HERNANDEZ                    *

          VS                      *    MISC. NO. B-02-005

STATE OF TEXAS                    *


## ORDER

The above-styled and numbered 28 U.S.C. § 1983 cause of action is hereby set for a **status hearing** on July 31, 2002, at 9:00 a.m.

The Clerk is hereby **ORDERED** to issue a writ ad testificandum for the Petitioner's presence at said hearing.

The United States District Clerk's Office is hereby **ORDERED** to summon to the hearing Petitioner's State counsel, Nat C. Perez, Jr., 847 E. Harrison Street, Brownsville, Texas.

DONE at Brownsville, Texas, on 17th day of July 2002.

_____
Felix Recio
United States Magistrate Judge

CLOUS

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 1 3 2001

Troy C. Bennett, Jr., Clerk

HUGO HERNANDEZ

V.

HE STATE OF TEXAS

COURT OF CRIMINAL
APPEALS OF TEXAS

## APPLICATION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT:
COMES NOW HUGO HERNANDEZ, AND FILES THIS
APPLICATION FOR WRIT OF HABEAS CORPUS BASED
PRINIPALLY ON THE INDICTMENT DELAY AND
PREJUDICE OR HARM CAUSED DEFENDANT BY
SUCH DELAY AND IN SUPPORT WOULD SHOW
THE FOLLOWING:

### 1

PROSECUTION SUBSTITUTES CHARGES INCREASING
POTENTIAL SEVERITY OF PUNISHMENT TO WHICH
DEFENDANT IS EXPOSED, THERE IS CREATED PRIMA
FACIE CASE OF PROSECUTORIAL VINDICTIVENESS
PROSECUTION ADDS NEWS CHARGES ARISING FROM
THAT UNDERLYING ORIGINAL CHARGE DEFENDANT
VINDICTIVENESS IN BRINGING OF ADDED CHARGES
ALTHOUGH PRIMA FACIE CASE MAY BE MADE OUT
BY MERE FACT OF ADDED CHARGES IN NO
PLAUSIBLE EXPLANATION IS OFFERED BY PROSECUTION

UNITED STATES V. ANDEWS (1979) (CAG MICH) 612 F2d
235 ON REH EN BANC (CAG MICH) 633 F2d 449 CERT
DEN 450 US 927, 67 LEd 2d 358, 101 SCT 1382

## II

THE CONTRARY TO CLAUSE OF STATUTS DEFINING STANDARD
OF REVIEW FOR HABEAS CLAIM ADJUDICATED ON THE
MERITS BY STATE COURTS IS FULFILLED WHEN STATE
COURT APPLIED A RULE THAT WAS DIAMETRICALLY
DIFFERENT FROM OPPOSITE IN CHARACTER OR NATURE
OR MUTULLY OPPOSED TO A MAXIM OF LAW AS STATED
BY THE SUPREME COURT AND WHEN STATES COURT IS
CONFRONTED WITH A SET OF FACTS WHICH ARE
MATERIALLY INDISTINGUISHABLE FROM A DECISION OF
THE SUPREME COURT AND NEVERTHELESS ARRIVES
AT A RESULT DIFFERENT FROM ITS PRECEDENT
28 U.S.C.A 2254 (d) (1) Id

## III

FAILURE TO CONSIDER CLAIM WOULD RESULT IN
A FUNDAMENTAL MISCARRIAGE OF JUSTICE OR THAT
SUFFICIENT CAUSE AND PREJUDICE EXISTED TO
EXCUSE PROCEDURAL DEFAULT
OKEN V. CORCORAN 220 F.3d 259

WHERE FORE PREMISES CONSIDERED THE DEFENDANT
HUGO HERNANDEZ RESPECTFULLY PRAY THAT THIS
HONORABLE COURT GRANTED SAID APPLICATION
FOR WRIT OF HABEAS CORPUS AND FOR
SUCH OTHER FURTHER RELIEF AS THIS HONORABLE
COURT SHALL DEEM APPROPRIATE

_____
DEFENDANT PRO-SE

CERTIFICATE OF SERVICE

I HEREBY THAT A COPY OF THE ABOVE AND
FOREGOING APPLICATION FOR WRIT OF HABEAS
CORPUS WAS DELIVERED TO THE COURT OF
CRIMINAL APPEALS OF TEXAS P.O. BOX 12308,
CAPITOL STATION, AUSTEN TEXAS 78711
ON THIS THE 9 DAY OF SEPTEMBER 2002

_____
DEFENDANT # PRO-SE
HUGO HERNANDEZ #030737
DETENTION CENTER 1-X-3
1145 E HARRISON STREET
BROWNSVILLE TEXAS 78520

HUGO HERNANDEZ,
   APPELLANT,
     VS.
THE STATE OF TEXAS,
    APPELLE

          IN THE COURT OF APPEALS
           FOR THE THIRTEENTH
             DISTRICT OF TEXAS

## POINT OF ERROS MOTION

TO THE HONORABLE JUDGE OF SAID COURT:
   COMES NOW HUGO HERNANDEZ APPELLANT
FILED THROUGH HIMSELF MOTION FOR POINT
  OF ERROS APPELLANT RIGHTS ARE BEING
VIOLATED UNDER ARTICLE 39.14 OF THE STATE
  OF TEXAS, CODE OF CRIMINAL PROCEDURE ARTICLE
I, "3, 3A, 10, 13, AND 19 OF THE CONSTITUTION
 OF THE STATE OF TEXAS, AND THE FIFTH, SIXTH, EIGHTH
AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION
  OF THE UNITED STATES OF AMERICA AND WILL
SHOW AS:

I

THE CONSTITUTIONAL SPEEDY TRIAL PROTECTION APPLY
  TO ANY PERIOD BEFORE A DEFENDANT IS INDICTED
ARRESTED OR OTHERWISE OFFICIALLY ACCUSED
  UNITED STATES V MACDONALD US. 1.6 (198) IN THIS
CASE, APPELLANT WAS INDICTED AND WAS BROUGHT
  IN FOR INITIAL APPEARANCE BEFORE THE JUDGE
AND THE APPELLANT PLED NOT GUILTY, THE APPELLANT

WAS NOT GIVE UP HIS RIGHT TO SPEEDY TRIAL.
ADDITIONALLY IN ANALYZING A APPELLANT
SIXTH AMENDMENT SPEEDY TRIAL CLAIM BASED
ON INDICTMENT DELAY FOR FACTORS ARE
CONSIDERED (1) THE LENGTH OF THE DELAY(2) THE
REASON FOR THE DELAY(3) THE DEFENDANT ASSERTION
OF HIS RIGHT, AND(4) PREJUDICE TO THE APPELLANT
RESULTING FROM THE DELAY UNITED STATES V GARCIA
995 F 2d 556, 560 (5TH CIR 1993 (CITING BARKER V
WINGO 407 U.S. 514, 530-33 92 SCT 2182 2192-93
33. L. ED 2D 101 (1972) A DISTRICT COURT MUST
APPLIES TO DELAY BETWEEN ARREST AND INDICTMENT
THE BARKER BALANCING TEST

## II

APPELLANT WAS CONVICTED OF COUNTS IV, V, AND VI.
THE ONLEY EVIDENCE THAT LINKS THE APPELLANT
TO THE CRIME SCENE ON EACH COUNT IS A DISTINCT
PATTERN OF A SHOE PRINT THAT MATCHED THE
APPELLANT SHOES WHICH HE TOOK TO THE POLICE
STATION HIMSELF. A POLICE DETECTIVE JUAN HERNANDEZ
TESTIFIED THAT THE SHOE WAS A COMMON SHOE,
THE STATE, HOWEVER INTRODUCED EVIDENCE OF
PHOTOS OF THE APPELLANT SHOWING BRUISES AND
SCRATCHES WHICH POLICE DETECTIVES VALICSO AND
PINALES STATED WERE CONSISTENT WITH THE TYPE
OF DAMAGES DONE TO THE ESTABLISHEMENTS,
APPELLANT HAD STATED TO THE POLICE THAT HE

WORKED IN CONSTRUCTION AND AT MECHANIC SHOP.
  THIS IS A CIRCUMSTANTIAL EVIDENCE CASE
AND THE EVIDENCE INTRODUCED INSUFFICIENT
  TO SUSTAIN THE STATE'S BURDEN OF PROOF TO FIND
THE APPELLANT GUILTY BEYOND A REASONABLE DOUBT
 DUE PROCESS CLAUSE OF FEDERAL CONSTITUTION
PROHIBITS CRIMINAL CONVICTION OF ANY PERSON
 EXCEPT UPON PROOF OF GUILT BEYONED REASONABLE
DOUBT: ACCORDINGLY APPELLANT IS ALLEGES THAT
  EVIDENCE IN SUPPORT OF HIS STATE CONVICTION
CANNOT BE FAIRLY CHARACTERIZED AS SUFFICIENT TO
  HAVE LED RATIONAL TRIER OF FACT TO FIND GUILT
BEYOND REASONABLE DOUBT HAS STATED FEDERAL
  CONSTITUTIONAL CLAIM: EVIDENCE WHICH HAS TENDENC
TO MAKE EXISTENCE OF ELEMENT OF CRIME SLIGHTLY
  MORE PROBABLE THAN IT WOULD BE WITHOUT EVIDENCE
THAT IS RELEVANT EVIDENCE, CANNOT BY ITSELF
  RATIONALLY SUPPORT CONVICTION OF CRIME BEYOND
REASONABLE DOUBT AS IS REQUIRED BY DUE PROCESS
  CONSTITUTIONAL NECESSITY IN CRIMINAL TRIAL OF
PROOF OF GUILT BEYOND REASONABLE DOUBT AS
  GUARANTEED BY DUE PROCESS, IS NOT CONFINED
TO APPELLANT WHO IS MORALLY BLAMELESS EVEN
  THIEF IS ENTITLED TO CLAIM THAT HAS BEEN
UNCONSTITUTIONALLY CONVICTED AND IMPRISONED
  AS BURGLAR  JACKSON V VIRGINIA (1979) 443 US 307
61 LED 2d 560, 99 ScT 278 RCH DEN 444 US 890, 62 Led

## III

AT PUNISHMENT PHASE OF THE TRIAL STATE FAILED TO ARRAIGN THE DEFENDANT ON THE ENHANCEMENT COUNTS. STATE RESTED AND CLOSED. APPELLANT DID NOT OFFER EVIDENCE AND RESTED AND CLOSED COUNSEL FOR THE STATE AND THE APPELLANT MET WITH THE COURT REGARDING THE CHARGE ON PUNISHMENT. IN OPEN COURT OBJECTIONS TO THE CHARGE WERE NOTED AND THEN THE STATE MOVE TO RE-OPEN THE ITS CASE ON PUNISHMENT. COUNSEL FOR THE APPELLANT OBJECTED AND WAS OVERRULED. THE STATE'S MOTION TO REOPEN WAS GRANTED AND NOW THE APPELLANT IS ARRAIGNED ON THE ENHANCEMENT COUNTS, THE APPELLANT PLEAD NOT TRUE THE STATE RESTED AND CLOSED. THE APPELLANT ON THE ENHANCEMENT COUNTS IT DID NOT REINTRODUCE ITS EVIDENCE IT HAD PREVIOUSLY OFFERED AFTER THE FINDING OF GUILT ON THE STATE JAIL FELONY COUNTS BUT ON CONTRARY RECORD SHOWED THAT APPELLANT PERSONALLY AND THROUGH HIS COUNSEL DID NOT CONCEDED APPLICABILITY OF SANCTIONS OF HABITUAL CRIMINAL STATUTE TO CIRCUM STANCES OF HIS CASE OYLER V BOLES (1962) 368 US 448 7LEd 446 82 Sct 501 INADEQUATE OPPORTUNITY TO CONTEST STATE HABITUAL CRIMINAL ACCUSATION DEPRIVE APPELLANT OF DUE PROCESS OF LAW WHERE HE WAS REPRESENTED BY COUNSEL WERE COUNSEL SOUGHT

A PREVIOUS CONVICTION FOR STATE JAIL
   FELONY PUNISHED UNDER SECTION 12.35 (A)
MAY NOT BE USED FOR ENHANCEMENT PURPOSE
   UNDER SUBSECTION (b),(C),OR(d)
THE DEFENDANT WAS CHARG TO-WIT BURGLARY
   OF A BUILDING SEC 30.02 (2)(D) (SIX COUNTS)
AND HABITUAL COUNT ON THE INDICTMENT
   WHERE STATE OBTAINED INDICTMENT UNDER
NEW CAUSE NUMBERS BECAUSE THE FIRST
   INDICTMENT CONTAINED A DEFECTIVE ENHANCEMENT
PARAGRAPH, BUT STATE ANNOUNCED READY
   AND HAD ACTUALLY BEEN READY FOR TRIAL
AND AFTER INDICTMENTS WERE RETURNED
   STATE DID NOT "NEGATE" ITS FIRST ANNOUNCEMENT
OF READY BY CAUSING THE GRAND JURY TO
   RETURN INDICTMENTS. RODRIGUEZ V STATE
689 S.W. 2d 277 TEX CRIM APP 1985
JOINDER OF PROPERTY CRIMES IN A SINGLE
   CRIMINAL ACTION SHOULD BE CAREFULLY
DISTINGUISHED BY BURGLARY OF AMOUNTS
   OBTAINED BY THEFT TO DETERMINE THE GRADE
OF THE OFFENSE PURSUANT TO PEN.C SECS.
   31.09 32.02 WAGES V STATES 573 S.W 2d
804 (TEX. CRIM APP 1978) BROWN V STATE
   840 S.W.2d 275 (TEX. CRIM APP 1982

THE DEFECTIVE ENHANCEMENT PARAGRAPH
  STATED THAT APPELLANT IN 1999 IN CAUSE
  NUMBER 97 CR 1500 IN THE JUDICIAL DISTRICT
  OF GALVESTON COUNTY TEXAS THE APPELLANT
WAS CONVICTED OF STATE SAIL FELONY OF
  BURGLARY OF A BUILDING THAT WAS
  IN INDICTMENT NO.02-CR-00000202-A FROM
  JANUARY TERM, 2002 AND WAS INDICTED ON
  FEB, 27, 2002 ON THE SAME TERM OF
JANUARY, 2002 MAY 22, 2002 ON INDICTMENT
  No.02-CR-00000552-A THE DEFECTIVE
  ENHANCEMENT PARAGRAPH STATED THAT
APPELLANT IN 1999 IN CAUSE 97CRO208
  IN THE 56 JUDICAL DISTRICT COURT OF GALESTON
COUNTY, TEXAS APPELLANT WAS CONVICTED OF THE
  FELONY OF FELONY THEFT WITH TWO ENHANCEMENT
WHEN APPELLANT, WAS IN STATE PRISON 1998 TO
  SEPTEMBER 23 OF 2000 FOR THE CAUSE
NUMBER 97 CR 1500 T.D.C, NOT STATE JAIL
  AS THE ENHANCEMENT STATED'S
  AND WAS FOUND GUILTY ON A JURY TRIAL.

AND RAISE SOME MATTERS IN APPELLANT OR
   INTIMATED THAT CONTINUANCE WAS NEEDED
To INVESTIGATE EXISTENCE OF ANY POSSIBLE DEFENSE
   FACT THAT HABITUAL CRIMINAL STATUTE WAS NOT
APPLICABLE AT DISCRETION OF PROSECUTION
   ATTORNEY DID NOT RENDER IT UNCONSTITIONALLY
DISCRIMINATORY ABSENT SHOWING OF BAD FAITH
   OR INTENTIONAL MISCONDUCT ON PART OF PROSECUTOR
STATE V COLLINS (1974) 215 KAN 789, 528 P2d 1221

## IV

AT THE PUNISHMENT PHASE OF THE TRIAL THE PROSECUTION
   IN CLOSING ARGUMENT MADE A COUPLE OF STATEMENTS
WHICH WERE OBJECTED BY THE APPELLANT, BUT ADMITTED
   BY THE COURT. THE PROSECUTION STATED: THE APPELLANT
HAS NOT ADMITTED ANYTHING HE HAS NOT ACCEPTED
   RESPONSIBILITY HE HAS NOT SAID I AM SORRY. IT IS
THIS APPELLANT BELIEVE THAT SUCH STATEMENTS ARE
   PROSECUTORIAL CONDUCT AND INFRINGED ON THE
APPELLANT RIGHT TO REMAIN AND SILENT AND NOT
   TESTIFY THE DUE PROCESS CLAUSES OF THE
FIFTH AND FOURTEENTH AMENDMENTS SET LIMITS
   UPON THE POWER OF CONGRESS OR THAT OF A
STATE LEGISLATURE TO MAKE THE PROOF OF ONE
   FACT OR GROUP OF FACTS EVIDENCE OF THE
ULTIMATE FACT ON WHICH GUILT IS PREDICATED
   TOT V. UNITED STATES, 319 US 463, 87 LED 1519
      63 SCT 1241

## V

THE JURY ASESSESSED TEN(10) YEARS TDC. THE SENTENCE
IS TO EACH COUNT RUNS CONCURRENT. THE STATE
REQUESTED THAT SUCH SENTENCE RUN CONSECUTIVE TO
ANOTHER SENTENCE COUNSEL OBJECTED TO THE
CONSECUTIVE SENTENCE BECAUSE IT WAS THE JURY WHO
ASSESSED THE PUNISHMENT, NOT THE COURT, THE
PREVIOUS CASE WAS ADMITTED DURING THE PUNISHMENT
CASE OF THE TRIAL. IT IS THIS COUNSEL POSITION
THAT THE COURT ABUSED ITS DISCRETION IN RUNNING
THE SENTENCES CONSECUTIVE AND VIOLATED APPELLANT
RIGHT TO DUE PROCESS OF LAW. IF THE COURT IS
ALLOWED TO STACK THE SENTENCES, THEN IT SHOULD
IN ALL FAIRNESS ADVISE THE PARTIES AND THE JURY, THAT
WHATEVER SENTENCE THE JURY ASSESSES THE COURT
HAS THE AUTHORITY TO RUN SAID SENTENCE CONSECUTI
SERUTINY AS TO WHETHER STATE ACTION VIOLATES
CRUEL AND UNUSUAL PUNISHMENT CLAUSE OF
EIGHTH AMENDMENT IS APPROPRIATE ONLY AFTER
STATES HAS COMPLIED WITH CONSTITUTIONAL
GUARANTEES TRADITIONALLY ASSOCIATED WITH CRIMINA
PROSECUTIONES STATE DOES NOT ACQUIRE POWER
TO PUNISH WITH WHICH EIGTH AMENDMENT IS
IS CONCERNED UNTIL AFTER IT HAS SECURED
FORMAL ADJUDICATION OF GUILT IN ACCORDANCE WITH
DUE PROCESS OF LAW. AND WHERE STATE SEEK
TO IMPOSE PUNISHMENT WITHOUT SUCH PROCESS CLAUS

OF FOURTEENTH AMENDMENT.

INGRAHAM V WRIGHT (1977) 430 US 651, 51 LED 2d
711, 1975 CT 1401 STATE COURT AFFIRMANCE OF SENTENCE
IMPOSED UNDER HABITUAL OFFENDER STATUE
SUBSEQUENTLY DECLARED UNCONSTITUTIONAL, WHICH
AFFIRMANCE RELIED ON FACT THAT SENTENCE WAS
WITHIN RANGE THAT COULD HAVE BEEN IMPOSED UNDER
VALID PORTION OF HABITUAL OFFENDER STATUTE,
DEPRIVES APPELLANT OF HIS LIBERTY WITHOUT
    DUE PROCESS WHERE UNDER PRACTICE IN STATE
APPELLANT RIGHT TO HAVE JURY FIX SENTENCE IN
    FIRST INSTANCE IS DETERMINATIVE OF MAXIMUM
SENTENCE THAT HE WILL RECEIVE AND THERE IS
    SUBSTANTIAL POSSIBILITY THAT JURY, IF IT HAD
BEEN HAVE RETURED LESSER SENTENCE HICKS V OKLAHOM
(1980) 447 US 343 65 LED 2d 175, 100 SCT 2227

## VI

RESULTS OF FRINGER PRINT AND PHOTOS ARE NOT
    ADMISSIBLE WHER RECIPIENT WAS WITHOUT
BENEFIT OR ADVICE OF COUNSEL AND HAD NOT
    RECEIVED MIRANDA WARNING IMMEDIATELY
PRECEDING ADMINISTRATION OF PHOTO STATIC
    STATE V ALLISES (1979) 186 MONT 99 606
P 2d 1043, LATERT APP (MON) 621 P2d 1680
    TO TAKE SUCH STEP WOULD BE BEYOND PALE OF
PROPER FUNCTION OF SUPREME COURT OF UNITED
STATES TO PROMULGATE THEIR OWN RULES OF

EVIDENCE IN THEIR OWN RULES OF STATE COURT
MCCRAY V ILLINOIS (1967) 386 US 300; 18 LED 9d 62
87 SCT 1056.

WHERFOR. PREMISES CONSIDERED APPELLANT
PRAYS THAT THIS COURT DO JUSTICE.

RESPECTFULLY SUBMITTED,

_____

APPELLANT    PRO-SE

CERTIFICATE OF SERVICE

I CERTIFY THAT A TRUE COPY OF THE ABOVE WAS
DELIVERED TO THE FOLLOWING ON THE    DAY OF

CAMERON COUNTY DISTRICT ATTORNEY'S OFFICE
974 E HARRISON ST.
BROWNSVILLE TEXAS 78520

THE COURT OF APPEALS    FOR THE THIRTEENTH
DISTRICT OF TEXAS
CORPOS CHRISTY TEXAS

_____

APPELLANT    PRO-SE
HUGO HERNANDEZ #030737
CARISNLES COMERON COUNTY JAIL EM
7301 OLD ALICE Rd

THE STATE OF TEXAS          // IN THE DISTRICT COURT
                            // OF CAMERON COUNTY,
        VS.                 // TEXAS 107 JUDICIAL
                            // DISTRICT
HUGO HERNANDEZ  //

MOTION FOR DISPOSITION OF CRIMINAL CASES
   AND DISMISS FOR FAILURE TO PROCESS
IN A TIMELY MANNER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES HUGO HERNANDEZ AND THROUGH
 HIMSELF AND MOVE THE COURT FOR DISPOSITION
OR DISMISS FOR FAILURE TO PROCESS IN A TIMELY
 MANNER, PURSUANT TO THE CONSTITUTION OF
THE UNITED STATE FIFTH, SIXTH AND FOURTEEN
 AMENDMENTS. AND IN SUPPORT THEREOF SHOWS
   THE FOLLOWING

                        I

REQUIRING STATE TO BE READY FOR TRIAL SIX
  MONTH FROM DATE OF ARREST, SERVICE
 OF SUMMON'S DETENTION OR FILING OF COMPLAINT
 FOR FORMAL CHARGE, WHICHEVER WAS
  EARLIEST SIX MONTH PERIOD BEGAN UN DATE

DEFENDANT WAS ARRESTED WAS SUBSEQUENTLY
 DIMISSED FOR LACK OF EVIDENCE. FINGERPRINT
EVIDENCE IS NO EXCEPTION TO THE RULE THAT
 ALL EVIDENCE OBTAINED BY SEIZURES
IN VIOLATION OF THE FEDERAL CONSTITUTION
 IS BY THE AUTHORITY OF THE CONSTITUTION
INADMISSIBLE IN STATES COURT DAVIS V MISSISSIPPI
 394 US 721, 22 L Ed 2d 676, 89 SCT 1394, LATER
APP (MISC) 255 So 2d 916 CERT DEN 409 US
 855 34 L ED 99, 93 CT 191

## II

DETENTION FOR THE SOLE PURPOSE OF OBTAINING
 FINGERPRINTS HAVE BEEN HELD SUBJECT TO
THE CONSTRAINTS OF THE FOURTH AMENDMENT
 DAVIS V MISSIPPI 394 US 721. 22 L Ed 2d 676
89 SCT 1394. LATER APP (MISS) 255 So 2d 916
 CERT DEN 409 US 855 34 L Ed 2d 99 93
SCT 191

## III

FINGERPRINTING OBTAINED DURING AN illEGAL
 DETENTION ARE INADMISSIBLE. AND To ALLOW
THEM INTO EVIDENCE DURING THE TRIAL
 CONSTITUTES REVERSIBLE ERRO. MILLS V WAING
WRIGHT (CA5 FLA) 415 F 2d 787

## IV

DEFENDANT WAS NOT SUBJECT TO ANY
DISABILITIES ASSOCIATED WITH BEING
UNDER ARREST SUBJECT OF COMPLAINT OR
INDICTMENT OR IN MIDST OF CRIMINAL
PROSECUTION. HE WAS UNDER NO MORE
JEPARDY THAT ANY OTHER CITIZEN AND FACT
THAT HE MIGHT HAVE BEE UNDER INVESTIGATION
HAD NO MORE EFFCT AFTER DISMISSAL OR
RUNNING OF SIX MONTH PERIOD THAN IT would
HAVE HAD BEFOR HIS ARREST, THAT IS NONE
UNITE STATES V FLORES (CA2 NY) 501 F2d 1356

## V

DEFENDANT RIGHTS ARE BEING VIOLATED
UNDER ARTICLE 39.14 OF THE TEXAS Code OF
CRIMINAL Procedure. ARTICLE I, "3, 3A, 10, 13 AND
19 OF THE CONSTITUTION OF THE STATE OF
TEXAS. AND THE FIFTH SIXTH EIGHT AND
FOURTEENTH AMENDMENTS TO THE CONSTITUTION
OF THE UNITED STATES OF AMERICA.

WHEREFORE, PREMISES CONSIDERED THE DEFENDANT HUGO HERNANDEZ RESPECTFULLY PRAY THAT THIS HONORABLE COURT GRANTED SAID MOTION AND FOR SUCH OTHER FURTHER RELIEF AS THIS HONORABLE COURT SHALL DEEM APPROPRIATE

_____
DEFENDANT        PRO-SE

CERTIFICATE OF SERVICE

I HEREBY THAT A COPY OF THE ABOVE AND FOREGOING MOTION FOR DISPOSITION OF CRIMINAL CASES AND DISMISS FOR FAILURE TO PROCESS IN A TIMELY MANNER WAS DELIVERED TO THE DISTRICT ATTORNEY'S OFFICE AT 974 E HARRISON STREET BROWNSVILLE TEXAS 78520, ON THIS THE 10 DAY OF JULY 2002

_____
DEFENDANT        PRO-SE

OCT 7



# AURORA DE LA GARZA
## CAMERON COUNTY DISTRICT CLERK
CRIMINAL DEPARTMENT – APPEALS SECTION
974 EAST HARRISON STREET
BROWNSVILLE, TEXAS 78520

Wednesday, July 31, 2002

Hon. Troy C. Bennett, Jr.
Clerk, Court of Criminal Appeals
P. O. Box 12308
Austin, Texas 78711

Certified Mail Number:
**7002 0460 0000 6632 3032**
Court of Criminal Appeals:

Trial Cause Number:
**2001-CR-848-A**
The State of Texas VS
**Hugo Hernandez**

Dear Mr. Bennett,

Enclosed please find the Clerk's Record in the Post Conviction Writ of Habeas Corpus in the above entitled and numbered cause. If it meets with your approval, please file. By copy of this letter I am advising all counsel of this transmittal.

Thank you for your prompt attention to this matter.

Sincerely,

Jessica Carrizales
Deputy Clerk

cc:
Deft.: Hugo Hernandez
Hon. Yolanda De Leon (Appellate Division)
File

| CIVIL | CRIMINAL | CHILD SUPPORT | JURY | FAX |
|-------|----------|---------------|------|-----|
| (956) 544-0838 | (956) 544-0839 | (956) 544-0840 | (956) 544-0842 | (956) 544-0841 |



# AURORA DE LA GARZA
## CAMERON COUNTY DISTRICT CLERK

CRIMINAL DEPARTMENT – APPEALS SECTION
974 EAST HARRISON STREET
BROWNSVILLE, TEXAS 78520

Monday, November 18, 2002

HUGO HERNANDEZ                          Cause Number: **2001-CR-848-A**
ID #30737                               THE STATE OF TEXAS
DENTENTION CENTER 1-X-3                  VS
1145 E. HARRISON STREET                  **HUGO HERNANDEZ**
BROWNSVILLE, TEXAS  78520

Dear Mr. Herandez,

This is to advise you that the Court of Criminal Appeals has Dismissed the Application for Writ of Habeas Corpus.

Enclosed please find a copy of the Court's Notice for your records.

Sincerely,

**Brenda M. Garcia**
Deputy Clerk

| CIVIL | CRIMINAL | CHILD SUPPORT | JURY | FAX |
|-------|----------|---------------|------|-----|
| (956) 544-0838 | (956) 544-0839 | (956) 544-0840 | (956) 544-0842 | (956) 544-0841 |



OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

RE: Writ No. 53,297-01
STYLE: Hugo Hernandez
TRIAL CT NO: 2001-CR-848-A
October 30, 2002

    This is to advise that the Court has denied your
application for a writ of habeas corpus without written order.
The application was pending on the date the mandate of appeal
was filed.

FILED
AURORA DE LA GARZA DIST. CLERK
CAMERON COUNTY

NOV 07 2002

DISTRICT CLERK CAMERON COUNTY
374 E HARRISON
BROWNSVILLE   TX   78520

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

CERTIFIED COPY

NO. **01-CR-848-A**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS | § | OF CAMERON COUNTY, TEXAS |
| **HUGO HERNANDEZ** | § | **107TH** JUDICIAL DISTRICT |

## ORDER SETTING HEARING AND ORDERING ARREST

ON THIS, the _____ day of _____, 20___, Petition for Revoking the

Community Supervision sentence of **HUGO HERNANDEZ**, Defendant in the above entitled and numbered

cause having been presented to the Court by Yolanda de León, County (Criminal District) Attorney of

Cameron County, Texas, and the same having been considered by the Court:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that **HUGO**

**HERNANDEZ** be and he/she is hereby commanded to appear before this Court, ten (10) days following his

arrest in the regular **107TH** District Courtroom of the Hall of Justice of Brownsville, Texas, so that he/she

can be advised of the present motion, enter a plea, and so that, where necessary, a date be set for a hearing on

the merits of the motion.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the District Clerk of

Cameron County, Texas, shall cause to be served on the said **HUGO HERNANDEZ** certified copies of the

said Petition and of this Order, and the Clerk of this Court is ordered to issue a capias commanding the

Sheriff to arrest the defendant, and directing that he/she be held to answer to this Court for violation of the

terms and conditions of his community supervision on said date.

BOND OF THE DEFENDANT FOR APPEARANCE HEREIN IS HEREBY SET AT $ _No Bond_ .

FILED 5:00 O'CLOCK ___ M

AURORA DE LA GARZA, DIST. CLERK        JUDGE PRESIDING

'JAN 16 2002

DISTRICT COURT, CAMERON COUNTY TEXAS

_____ DEPUTY

NO. 01-CR-848-A

AURORA DE LA GARZA DIST. CLERK

JAN 1 4 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS

DEPUTY

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS | § | OF CAMERON COUNTY, TEXAS |
| **HUGO HERNANDEZ** | § | **107TH** JUDICIAL DISTRICT |

## STATE'S MOTION TO REVOKE COMMUNITY SUPERVISION PROBATED SENTENCE

NOW COMES, Yolanda de León, County and District Attorney of Cameron County, Texas, and would show the Court that **HUGO HERNANDEZ**, the Defendant against whom Judgment of conviction was rendered herein upon his plea of guilty to **POSSESSION OF CONTROLLED SUBSTANCE**, on **SEPTEMBER 12, 2001**, and who was assessed a punishment of confinement in

*OUT OF JAIL SEPT 21 2001*

the STATE JAIL FACILITY for a period of **TWO (2) YEARS** and whose sentence upon said conviction was placed on community supervision for a period of **FIVE (5) YEARS**, and who was then and there to be supervised by the Adult Community Supervision Office, has violated the terms and conditions of said community supervision since it was granted in this, to-wit:

That the terms and conditions of said community supervision, among other things, provided that defendant shall:

Commit no offense against the laws of this State or any other State or of the United States;

Avoid injurious or vicious habits;

Pay a community supervision fee of $30.00 per month every month of the supervision period between the first and tenth day of the month beginning in the month next following entry of this Judgment until the sum of $1,800.00 shall have been paid;

Submit to drug/alcohol abuse counseling and classes as directed by the Community Supervision and Corrections Department;

Participate in the Cameron-Willacy Counties Surveillance Supervision Program for a period of One (1) Year and shall obey all its rules and regulations;

*41.01 of The Texas Estat Crim pavsdus*

*haveus*
*navyes corp*
*navyes corp*

The said Yolanda de León would further show unto the Court that the said Defendant, **HUGO HERNANDEZ**, has violated the terms of his said community supervision in this, to-wit:

That the Defendant, **HUGO HERNANDEZ**, on or about the 1ST day of **JANUARY, 2002**, in the County of Cameron and State of Texas, did then and there, with intent to commit theft, enter a building or a portion of a building not then open to the public, without the effective consent of **MARTIN HERNANDEZ**, the owner thereof;

That the Defendant, **HUGO HERNANDEZ**, on or about the 1ST day of **JANUARY, 2002**, in the County of Cameron and State of Texas, did then and there intentionally or knowingly enter a building or a portion of a building not then open to the public, without the effective consent of **FELIPE ARRELLANO**, the owner thereof, and attempted to commit or committed theft of property, to-wit: ten **(10)** men's jackets and sixty **(60)** men's shirts, owned by **FELIPE ARRELLANO**;

That the Defendant, **HUGO HERNANDEZ**, failed to avoid injurious habits by testing positive for cocaine in October 25, 2001, October 30, 2001 and December 17, 2001

That the Defendant, **HUGO HERNANDEZ**, failed to pay a community supervision fee of $30.00 per month and is in arrears $90.00;

That the Defendant, **HUGO HERNANDEZ**, refused to submit to drug and alcohol abuse counseling by failing to attend the Recovery Center;

That the Defendant, **HUGO HERNANDEZ**, failed to participate in the Surveillance Program by failing to report on October 3, 2001, October 8, 2001, and December 4, 2001. Further, defendant violated curfew on November 3, 2001, November 9, 2001, December 3, 2001, and December 7, 2001;

That such violation of the terms of community supervision occurred during the period of community supervision.

WHEREFORE, Petitioner prays that a capias be issued for the arrest of **HUGO HERNANDEZ**, Defendant herein, that within ten (10) days following the arrest of the Defendant, Defendant be brought before the Court so that the Defendant can be advised of the present motion, enter a plea, and where necessary, a hearing on the merits of the motion be set; and that upon final hearing, the community supervision heretofore granted to the Defendant on the original judgment of conviction herein entered, be in all things revoked, and that the said Defendant be confined in the STATE JAIL FACILITY for a period of **TWO (2) YEARS**, in this cause, as the same appears on the docket of this Court, and that the Clerk issue all necessary papers, including judgment, sentence

*[Handwritten annotations:]* Defendant has been in jail sacns January 4 up to the day that the motion was file on January the 16 The Defendant hat all Raight 15 day from the day the motion was file, defendant file Throught himself a motion to be set for a hearing which by Law of the Texas code of crimenol Proceter 41.01 a that Defendant have Two nthy day from the file day There fore Defendant will file a appille for This cause.

*[Handwritten at bottom:]* Complaint

and commitment, the same as if no community supervision had ever been granted herein, and for such other orders as the Court may direct.

Yolanda de León
County and District Attorney
Cameron County, Texas

BY: _____
TERRA BAY
Assistant County and District Attorney



A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _____
BY _____
DEPUTY

COURT APPOIN
ATTY
COURT APP

offence

COPY

*10TH FL NUECES Co COURT HOUSE*
*901 LEOPARD ST*
*CORPUS CHRISTI TX 78401*

CASE NO. 13-02-00209-CR

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS

HUGO HERNANDEZ,
Appellant

vs.

THE STATE OF TEXAS,
Appellee

---

APPELLANT'S BRIEF

---

PETER C. GILMAN
Attorney for Appellant
2900 Central Blvd.
Brownsville, Texas 78520
Tel: (956) 546-8563
Fax: (956) 546-6651

## TABLE OF CONTENTS

NAME OF ALL PARTIES ....................................... i

TABLE OF CONTENTS......................................... ii

INDEX OF AUTHORITIES...................................... iii

POINTS OF ERROR........................................... 2

        POINT OF ERROR NO. 1
        WHETHER THERE WAS INEFFECTIVE ASSISTANCE OF COUNSEL

STATEMENT OF THE CASE..................................... 3

STATEMENT OF THE FACTS.................................... 3

SUMMARY OF ARGUMENT....................................... 3

POINT OF ERROR NO. 1 (RESTATED)........................... 5
ARGUMENT AND AUTHORITY.................................... 5


CONCLUSION................................................ 9

CERTIFICATE OF SERVICE.................................... 9

## INDEX OF AUTHORITIES

<u>Argersinger v. Hamlin</u>, 407 U.S. 25 (1972) .................   5

<u>Garcia v. Texas</u>, 57 S.W.3d 436, Tex.Crim.App.- Oct. 2001      6

<u>Strickland v. Washington</u>, 466 U.S. 668, 80 L.Ed 2d 674, 104
S.Ct.2052 (1984) ......................................... 6,7

<u>Thompson v. State</u>, 9 S.W.3d 808 (Tx.Crim.App. 1999 .......... 7

**Sixth Amendment**

**Clerk's Record**

**Statement of Facts**

**Texas Rules of Appellate Procedure**

## NAME OF THE PARTIES

The following is a complete list of all parties to the Trial Court's Judgment and the names and addresses of their counsel in the Trial Court and on Appeal.

Defendant/Appellant:          Hugo Hernandez

Appellant's Attorney:         Peter C. Gilman
                              2900 Central Blvd.
                              Brownsville, Texas 78520

Plaintiff/Appellee:           The State of Texas
                              974 E. Harrison St.
                              Brownsville, Texas 78520

Appellee's Attorney:          Cameron County District Attorney
                              974 E. Harrison St.
                              Brownsville, Texas 78520

Judge Presiding:              Honorable Benjamin Euresti
                              974 E. Harrison St.
                              Brownsville, Texas 78520

i

CASE NO. 13-02-00209-CR


IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS


HUGO HERNANDEZ,
Appellant


vs.


THE STATE OF TEXAS,
Appellee

---

APPELLANT'S BRIEF

---


PETER C. GILMAN
Attorney for Appellant
2900 Central Blvd.
Brownsville, Texas 78520
Tel: (956) 546-8563
Fax: (956) 546-6651


1

## POINT OF ERROR NO. 1

**WHETHER THERE WAS INEFFECTIVE ASSISTANCE OF COUNSEL**

2

## STATEMENT OF THE CASE

This appeal is brought by HUGO HERNANDEZ from a Motion to Revoke his probated sentence. A contested case was heard whereby the State of Texas presented evidence showing failure to report, failure to pay fees and testing positive for use of drugs in urine test. One other ground was that of a burglary which had not been tried and the State subsequently, prior to the Court making a decision, dismissed that count.

## STATEMENT OF THE FACTS

On the 21st day of March, 2002, the Court heard the evidence, and after Defendant took the witness stand, had no problems in revoking the probation and sentencing Defendant to state jail.

## SUMMARY OF THE ARGUMENT

This has been a rather difficult appeal in that the Defendant took the witness stand and basically admitted everything that the State needed to prove in their Motion to Revoke. As such, the undersigned attorney visited the Appellant in Cameron County Jail where he is being held pending the outcome of the burglary charges presently pending against him. After a lengthy discussion going through the different points, Appellant felt that he had ineffective assistance of counsel because his counsel put him on the witness stand. I assured Appellant that is a trial strategy

3

and not an error, and not a sign of ineffective assistance of counsel, however Appellant insisted that his attorney was in error. As such, the undersigned submits this Appellant's Brief on the grounds of ineffective assistance of counsel. After submitting this brief, a copy will be presented to the Appellant for him to make any other suggestions he so desires.

## POINT OF ERROR NO. 1 RESTATED

**WHETHER THERE WAS INEFFECTIVE ASSISTANCE OF COUNSEL**

### ARGUMENT AND AUTHORITY

The Courts of the United States recognize that the Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental rights to a fair trial. The Constitution guarantees a fair trial through the due process clauses, but it defines the basic elements of fair trial largely through the civil provisions of the Sixth Amendment, including the counsel clause:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial ... and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining the witnesses in his favor; and, to have the assistance of counsel for his defense."

The right to counsel plays a crucial role in the adversarial system embodied in the Sixth Amendment, since access to counsel's skill and knowledge is necessary to accord Defendants the ample opportunity to meet the case of the prosecution, which they are entitled.

Because of the vital importance of counsel's assistance, the Court's in this country afford a person accused of a crime has the right to have counsel appointed. **Argersinger v. Hamlin**, 407 U.S.

5

25 (1972)    The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsels playing a role that is critical to the ability of the adversarial system to produce just results.    An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair.    **Strickland v. Washington**, 466 U.S. 668, 80 L.Ed 2d 674, 104 S.Ct.2052 (1984). The **Strickland** case went on to say that, "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."

In general, to obtain a reversal of conviction on the grounds of ineffective assistance, Appellant must demonstrate that:

1)    defense counsel's performance failed below an objective standard of reasonableness; and

2)    there is a reasonable probability that but for counsel's unprofessional error, the result of the proceeding would have been different. (**Garcia v. Texas**, 57 S.W.3d 436, Tex.Crim.App.- Oct. 2001).

The Court in **Garcia, supra** went on to state, in accessing a claim of ineffective assistance, the Appellate Court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance; that is, the Appellant must overcome the presumption that under the circumstances, the

6

challenged action might be considered sound trial strategy".
Also, in the absence of evidence of counsel's reasons for the
challenged conduct, an Appellate Court commonly will assume a
strategic motivation if any can possibly be imagined and will not
conclude the challenged conduct constituted deficient performance
unless the conduct was outrageous that no competent attorney could
have engaged in it.  **Thompson v. State**, 9 S.W.3d 808 (Tx.Crim.App.
1999) In **Strickland v. Washington, Supra**, the Court set out a two
prong test, the Court stated:

a)    a convicted Defendant's claim that counsel's assistance
      was so defective as to require reversal of a conviction
      has two components. First the Defendant must show that
      counsel's performance was deficient.   This required
      showing that counsel made errors so serious that counsel
      was not functioning as the counsel guaranteed the
      Defendant by the Sixth Amendment. Second, the Defendant
      must show the deficient performance prejudice the
      defense.  This required showing that counsel's errors
      were so serious as to deprive the Defendant of a fair
      trial, a trial whose result is reliable.   Unless a
      Defendant makes both showings, it cannot be said that the
      conviction resulted from a breakdown at the adversary
      process that renders a result unreliable.

Appellant contends that his counsel was ineffective in putting

7

him on the witness stand and not properly advising him prior to taking the witness stand of the possibilities of him being cross examined and prove up his entire case against him.

In reviewing this matter, the Court could find that a revocation could be granted without the Appellant taking the witness stand at all. During the State's presentation of the case for the Motion to Revoke, the State proved the elements necessary to revoke his probation and therefore counsel, placing his client on the witness stand was more of a judgment call as oppose to a ineffectiveness. In **Strickland**, the Court states an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.

The purpose of the Sixth Amendment guarantee of counsel is to insure that a Defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute an ineffective assistance under the constitution.

In conclusion, although the undersigned attorney has pointed out to Appellant his opinion in submitting an appeal of this nature, Appellant insisted that he wanted to take "a shot". The opinion of the undersigned court appointed attorney for this appeal is that there was not ineffective assistance of counsel, and if

8

counsel used poor judgment, it would not have changed the outcome because the State of Texas proved up the case to begin with.

<u>CONCLUSION</u>

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Court do justice.

Respectfully submitted.

PETER C. GILMAN
Attorney for Appellant
2900 Central Blvd.
Brownsville, Texas 78520
Tel: (956) 546-8563
Fax: (956) 546-6651

By: _____
PETER C. GILMAN

<u>CERTIFICATE OF SERVICE</u>

I certify that a true copy of the above was delivered to the following on the 30th day of September, 2002.

Cameron County District Attorney's Office
974 E. Harrison ST.
Brownsville, Texas 78520

Hugo Hernandez
Cameron County Jail- Olmito, Texas

_____
PETER C. GILMAN