IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
FILED
JUN 03 2003
CHARLES R. FULBRUGE III
CLERK

No. 03-40637
USDC No. B-02-MC-5

HUGO HERNANDEZ,

        Petitioner-Appellant,

versus

STATE OF TEXAS,

        Respondent-Appellee.

**MISCELLANEOUS**

United States District Court
Southern District of Texas
FILED
JUN 19 2003
Michael N. Milby
Clerk of Court

Appeal from the United States District Court
for the Southern District of Texas

---

Before HIGGINBOTHAM, DAVIS, and BENAVIDES, Circuit Judges.

BY THE COURT:

    This court must examine the basis of its jurisdiction on its own motion if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). Rule 4(a)(1), Fed. R. App. P., requires that the notice of appeal in a civil case be filed within thirty days of entry of judgment. In this habeas corpus case, the district court entered a final judgment dismissing the action on October 2, 2002. Therefore, the final day for filing a timely notice of appeal was November 1, 2002. The petitioner's pro se notice of appeal, in which he requests an out-of-time appeal, is dated April 12, 2003, and it is stamped as filed on April 18, 2003, well beyond the prescribed time. See Fed. R. App. P. 4(c)(1) (prisoner's pro se notice of appeal is timely filed if deposited

03-40637
- 2 -

in the institution's internal mail system on or before the last day for filing). This court has no authority to enlarge the time for filing a notice of appeal, see Rule 26(b), and the time in which the district court could do so expired before the petitioner filed his notice of appeal. See Rule 4(a)(5). The time limitation for filing a notice of appeal is jurisdictional, and the lack of a timely notice mandates dismissal of the appeal. Robbins v. Maggio, 750 F.2d 405, 408 (5th Cir. 1985).

APPEAL DISMISSED.

A true copy
Test:
Clerk, U.S. Court of Appeals, Fifth Circuit
By_____
Deputy
New Orleans, Louisiana   JUN 3 2003